| | |
|---|---|
| AUDREY MONTGOMERY | CIVIL ACTION |
| VERSUS | NO. 08-3554 |
| RONNIE KILLINGSWORTH, et al. | SECTION: "G"(4) |

## ORDER AND REASONS

Before the Court is Defendants Ronnie Killingsworth, John Voltz, Jeremy Hutchinson, Michael Ernst, William McIntyre, and the Village of Folsom's (collectively "Defendants") Motion for Summary Judgment,[1] wherein they seek the dismissal of Plaintiff Audrey Montgomery's ("Plaintiff") claims with prejudice. After considering the motion, the memorandum in support, the opposition, the reply, the surreply, and the arguments made before the Court in oral argument on December 19, 2012, the Court will deny the pending motion.

## I. Background

### A. Factual Background

As a full recitation of the allegations is unnecessary for the resolution of this motion, the Court will only briefly summarize this matter. Plaintiff claims that several members of the Village of Folsom Police Department purposefully and intentionally harassed customers of Plaintiff's drinking establishment because they were African-American and Hispanic. In addition, Plaintiff claims that Defendants made defamatory remarks about her. Plaintiff seeks relief under 42 U.S.C. § 1983, against the individual officers and Folsom as a municipality, claiming that their actions deprived her of a liberty and property interest in pursuing a common occupation or profession.

---

[1] Rec. Doc. 51

Plaintiff alleges that the Village of Folsom is liable for negligent hiring. Defendants deny these claims and assert several affirmative defenses, including qualified immunity.

*B. Procedural Background*

The complaint in this matter was filed on May 23, 2008 and allotted to Judge Ivan L.R. Lemelle, Section "B."[2] On October 3, 2008, Defendants answered the complaint and denied the allegations. In addition, Defendants assert the defense of qualified immunity.[3] On October 7, 2011, this matter was transferred to Section "G" of this Court as part of a new docket.[4]

Defendants filed the pending motion for summary judgment on November 21, 2012.[5] Plaintiff filed a response in opposition on December 11, 2012, and requested oral argument.[6] Oral argument was granted on December 14, 2012.[7] On December 18, 2012, Defendants filed a reply in support of their motion.[8] On the same day, Plaintiff filed a surreply in opposition to the pending motion.[9] Oral argument was heard on December 19, 2012.

---

[2] Rec. Doc. 1.

[3] Rec. Doc. 3.

[4] Rec. Doc. 40.

[5] Rec. Doc. 51.

[6] Rec. Docs. 52, 53.

[7] Rec. Doc. 57.

[8] Rec. Doc. 61.

[9] Rec. Doc. 63.

## II. Law and Analysis

At oral argument, counsel for Defendants conceded that there existed material issues of fact in dispute with regard to Plaintiff's allegations of Defendants' behavior and intent.[10] Based on this concession, the Court found that summary judgment could not be granted.

However, counsel for Defendant also argued that qualified immunity protected Defendants from liability in this suit, and that he may pursue a direct appeal of this issue if the Court denied the pending motion. In *San Jacinto Savings & Loan v. Kacal*,[11] the Fifth Circuit dealt with similar allegations and affirmative defenses as asserted here. In addressing the issue of qualified immunity, the Fifth Circuit noted that:

> The City and Hale argue that the dismissal of Kacal's claims should be affirmed because Hale is immune from suit under the doctrine of qualified immunity and because the City had not adopted a custom or policy that deprived Kacal of a protected liberty or property interest. Because both of those assertions depend on the outcome of genuine issues of material fact, we do not decide them here. Therefore, summary judgment on this issue is not proper.[12]

Therefore, this Court finds that it would be premature to decide whether qualified immunity applies to Defendants here on summary judgment, considering the parties dispute the underlying facts that a decision on qualified immunity would require.

While not addressed in oral argument, in the pending motion Defendants also assert that Plaintiff's claim for punitive damages must fail because municipalities are immune from such damages for Section 1983 claims. In *City of Newport v. Fact Concerts, Inc.*,[13] the Supreme Court

---

[10] Rec. Doc. 64.

[11] 928 F.2d 697 (5th Cir. 1991).

[12] *Id.* at 704.

[13] 453 U.S. 247 (1981).

3

stated:

> In sum, we find that considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials. Because absolute immunity from such damages obtained at common law and was undisturbed by the 42d Congress, and because that immunity is compatible with both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.[14]

Therefore, Plaintiff may not seek punitive damages against Folsom pursuant to her Section 1983 claim as a matter of law.

## IV. Conclusion

As the parties agree that issues of material fact are still in dispute, the Court cannot grant the pending motion for summary judgment. Furthermore, Defendants' invocation of qualified immunity cannot be resolved at this time because under Fifth Circuit precedent certain disputed issues of fact must be decided before a ruling can be made; therefore, the Court will determine the applicability of qualified immunity only after the necessary findings of fact have been made. Finally, while the Court will deny the pending motion, it recognizes that Plaintiff's claim for punitive damages against Folsom is not permitted as a matter of law. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment[15] is **DENIED**.

---

[14] *Id.* at 271.

[15] Rec. Doc. 51.

4

**IT IS FURTHER ORDERED** that Plaintiff's claim for punitive damages against Defendant Folsom is **DISMISSED** because such damages are not recoverable in this case as a matter of law.

**NEW ORLEANS, LOUISIANA**, this 16th day of January, 2013.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**